UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CORALYZ RIVERA,**

**Plaintiff,**                                   Case No.:

v.

**WAL-MART ASSOCIATES, INC.,**
**A Foreign Profit Corporation**

**DEFENDANT.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CORALYZ RIVERA (hereinafter referred as "RIVERA" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred as "WAL-MART" or "Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b).

## PARTIES

1. RIVERA was hired by Defendant in or about August 2021 and worked in the Davenport, Florida warehouse.

2. Defendant is a merchandise retailer.

3. At all times material, RIVERA was an "employee" of WAL-MART as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

4. At all times material, WAL-MART was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

5. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

6. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

7. RIVERA worked for Defendant in Polk County, Florida.

8. Defendant conducts business in Polk County, Florida.

9. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

10. On or about May 20, 2022, RIVERA timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act, as Amended (ADAAA).

11. The EEOC, on or about December 10, 2022, issued to RIVERA a Dismissal and Notice of Rights as to the Charge.

12. This action is being commenced within 90 days of RIVERA's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

13. Plaintiff was hired by Defendant in or about August 2021 in the Davenport warehouse.

14. Plaintiff worked three days a week from 5:30pm to 4:30am.

15. Plaintiff suffers from diabetes, a disabling condition under the ADAAA.

16. Plaintiff's disability required that she take breaks to eat snacks and check her blood sugar levels.

17. Accordingly, Plaintiff requested an accommodation under the ADAAA to be allowed to take breaks to eat a snack and check her blood sugar levels.

18. If Plaintiff did not regularly eat snacks and check her blood sugar levels, she would potential suffer serious health issues.

19. Defendant was aware of Plaintiff's disability and need for accommodation.

20. Plaintiff provided Defendant with documentation regarding the need for an accommodation from Sedgwick.

21. Defendant did not adhere to the accommodations.

22. Defendant did not engage in the interactive process to determine if Plaintiff could be accommodated.

23. In fact, Plaintiff's manager would mock her and dock her "points" for leaving the workplace due to her diabetic condition.

24. Plaintiff further notes that she never would have had to leave work due to her condition if she had been granted time for snacks and to check her blood sugar levels.

25. Plaintiff was left with no choice but to leave her employment with Defendant due to her health being at risk.

26. Defendant simply chose not to accommodate Plaintiff's medical restrictions.

27. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

28. Defendant's actions, including constructively terminating Plaintiff, were discriminatory.

29. Defendant's actions, including constructively terminating Plaintiff, were retaliatory.

## COUNT I
## DISABILITY DISCRIMINATION

30. RIVERA realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-27 above.

31. RIVERA's medical conditions and restrictions were a motivating cause of WAL-MART's discriminatory behavior towards RIVERA, and thus, constituted disability discrimination as proscribed by the ADAAA.

32. WAL-MART's conduct, including but not limited to its refusal to make a reasonable accommodation, discriminated against RIVERA with respect to the compensation, terms, conditions, or privileges of employment because of RIVERA's disability.

33. As a natural, proximate and foreseeable result of the actions of WAL-MART, RIVERA has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

34. The conduct of WAL-MART's management was in such reckless disregard of RIVERA's federal statutory rights against disability discrimination as to entitled RIVERA to recover an award of punitive damages to punish WAL-MART and to deter it and others from such conduct in the future.

35. The disability discrimination RIVERA suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

36. RIVERA is entitled to recover reasonable attorneys' fees and litigation expenses against WAL-MART.

WHEREFORE Plaintiff respectfully requests that the Court enter a

judgment:

    a.    Permanently enjoining Defendant WAL-MART, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to RIVERA;

    b.    Awarding judgment against WAL-MART for the back pay and benefits to which RIVERA would have been entitled but for WAL-MART's discriminatory acts;

    c.    Awarding judgment against WAL-MART for compensatory damages;

    d.    Awarding judgment against WAL-MART for punitive damages;

    e.    Enjoining WAL-MART to reinstate RIVERA to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

    f.    Awarding RIVERA her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    g.    Awarding RIVERA equitable relief in the form of an additional set-off for any negative tax consequences incurred by RIVERA as the result of any damage award entered in her favor in this action; and

    h.    Granting such other and further relief as the Court deems just.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADAAA

37. RIVERA realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-29 above.

38. RIVERA requested a reasonable accommodation for her disability. This constituted protected activity under the ADAAA.

39. RIVERA was terminated instead of being afforded a reasonable accommodation for her disability.

40. Upon information and belief, WAL-MART's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for RIVERA, resulting termination of RIVERA's employment, was, in whole or in part, motivated by RIVERA's request for accommodation.

41. As a natural, proximate and foreseeable result of WAL-MART's actions, RIVERA has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

42. The conduct of WAL-MART's management was in such reckless disregard of RIVERA's federal statutory rights against retaliation as to entitle RIVERA to recover an award of punitive damages to punish WAL-MART and to

deter it and others from such conduct in the future.

43. The retaliation RIVERA suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

44. RIVERA is entitled to recover reasonable attorneys' fees and litigation expenses against WAL-MART.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant WAL-MART, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to RIVERA;

b. Awarding judgment against WAL-MART for the back pay and benefits to which RIVERA would have been entitled but for WAL-MART's retaliatory acts;

c. Awarding judgment against WAL-MART for compensatory damages;

d. Awarding judgment against WAL-MART for punitive damages;

e. Enjoining WAL-MART to reinstate RIVERA to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-

whole remedy, granting her front pay;

f.      Awarding RIVERA her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding RIVERA equitable relief in the form of an additional set-off for any negative tax consequences incurred by RIVERA as the result of any damage award entered in her favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __9th__ day of March, 2023.

>   Respectfully submitted,
>   **s/ Edward W. Wimp**
>   Edward W. Wimp, Esquire – LEAD COUNSEL
>   FBN: 1015586
>   Anthony Hall, Esquire
>   FBN: 0040924
>   THE LEACH FIRM, P.A.
>   631 S. Orlando Ave., Suite 300
>   Winter Park, FL 32789
>   Telephone: (407) 574-4999
>   Facsimile: (833) 813-7513
>   Email: ewimp@theleachfirm.com
>   Email: ahall@theleachfirm.com